UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELVIN WELLS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | |
| **U.S. DEPARTMENT OF EDUCATION, ET AL** | **NO. 09-456-D-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 29, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS, ET AL**                                                                                  **CIVIL ACTION**

**VERSUS**

**U.S. DEPARTMENT OF**
**EDUCATION, ET AL**                                                                                       **NO. 09-456-D-M2**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Complaint (R. Doc. 1) filed in the above-captioned matter on July 20, 2009. In the complaint, plaintiffs, Kelvin Wells, Kelda Price Wells, Aaron Price, Bethany Price, and Patrick Price (collectively "plaintiffs"), assert violations of their 14th Amendment rights to due process and equal protection as well as violations of their rights under the Freedom of Information Act ("FOIA"). Specifically, they seek to have the Court compel the Department of Education ("DOE") and the Department of Housing and Urban Development ("HUD") to "attend to" requests for documents that they allegedly submitted to those agencies pursuant to the FOIA, which were ignored, denied, and/or "tampered with." They contend that "blacks/African Americans often receive less cooperation from the agencies as [they] have." In addition to compelling the DOE and HUD to comply with their alleged FOIA requests, plaintiffs also seek to have the Court impose punitive damages and damages for pain and suffering upon those agencies for the alleged 14th Amendment violations.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Cf., Green v. McKaskle*, 788 F.2d 1116

(5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Cf., Green v. McKaskle, supra*.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

The Court finds that the present suit should be dismissed for failure to state a claim upon which relief may be granted.  As an initial matter, this suit should be dismissed because plaintiffs have failed to "reasonably describe" the records sought through their alleged FOIA requests directed to the DOE and HUD, as is required by the FOIA, 5 U.S.C. §552(a)(3).  *Brunwasser v. Jacob*, 453 F.Supp. 567 (D.C.Pa. 1978); *Carter v. K. McKain*, 2004 WL 830949 (C.A.D.C. 2004)(Emphasis added)(The district court correctly determined that a complaint failed to state a claim under the FOIA because the plaintiff had not alleged that he submitted a request for records to a federal agency or *what records he is seeking*); *Friedman v. United States*, 2003 WL 1460525 (S.D.N.Y. 2003)(dismissing FOIA action for failure to state a claim where the plaintiff did not specify in the complaint what documents he requested and did not indicate whether the requested documents were "agency records" which were improperly withheld).

Additionally, to the extent the plaintiffs' complaint seeks monetary damages for their claims under the FOIA, they fail to state a claim because the FOIA does not provide for

such a remedy and instead only allows plaintiffs the potential for injunctive relief, *i.e.*, either to enjoin the withholding of documents or to compel production of agency records. *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771 (C.A.D.C. 2002).[1] Finally, it has been held that, where a plaintiff fails to allege that he has exhausted his administrative remedies prior to filing suit under the FOIA, the plaintiff has failed to state a claim. *Almy v. United States Department of Justice*, 114 F.3d 1191 (7th Cir. 1997), citing *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir.), c*ert. denied*, 486 U.S. 1043 (1988); *Amsinger v. I.R.S.*, 2008 WL 2845603 (E.D.Mo. 2008)(dismissing a plaintiff's FOIA complaint pursuant to 28 U.S.C. §1915(e) for failure to state a claim where the plaintiff failed to allege in his complaint that "he exhausted his remedies under FOIA").[2] Since plaintiffs in the present matter have failed to assert any allegation concerning exhaustion of administrative remedies within their complaint, their suit should also be dismissed on that basis.[3]

---

[1] *Thompson v. Walbran*, 990 F.2d 403 (8th Cir. 1993); *Daniels v. St. Louis VA Regional Office*, 561 F.Supp. 250, 251 (E.D.Mo. 1983)(no private right of action for money damages under FOIA); *Johnson v. Comm'r of Internal Revenue*, 239 F.Supp.2d 1125, 1138 (W.D.Wash. 2002).

[2] Prior to obtaining judicial review, a FOIA requester ordinarily must exhaust his administrative remedies by filing a proper request with the agency and appealing any adverse determinations administratively. *Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C.Cir. 1990); *Brumley v. U.S. Dept. o*f Labor, 767 F.2d 444, 445 (8th Cir. 1985); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979)(FOIA clearly implies exhaustion is required).

By failing to allege or demonstrate exhaustion of administrative remedies, a plaintiff fails to state a claim upon which relief may be granted. "No FOIA claim is stated in the absence of an allegation that the requester exhausted his administrative remedies." *Barch v. State of Hawaii Department of Labor & Industrial Relations*, 2006 WL 3078933 (D.Hawaii 2006), quoting *Caraveo v. Nielson Media Research, Inc.*2003 WL 169767, *12 (S.D.N.Y. 2003)(dismissing an FOIA claim because the "complaint does not allege that he exhausted his administrative remedies as the FOIA requires"); *Anderson v. Hardman*, 1999 WL 1270692 (N.D.Ill. 1999).

[3] *Barch v. State of Hawaii Department of Labor & Industrial Relations*, 2006 WL 3078933 (D.Hawaii 2006)(dismissing FOIA complaint for failure to state a claim where, even taking as true the plaintiff's allegation that his request for documents was improperly denied, the record lacked any suggestion that the plaintiff had exhausted his administrative remedies prior to filing suit and where the

## **RECOMMENDATION**

For the above reasons, it is recommended that the above-captioned matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Signed in chambers in Baton Rouge, Louisiana, July 29, 2009.

*[signature]*

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

plaintiff only sought money damages and incidental fees and costs which are not remedies provided under the FOIA).